AUSA:    Nhan Ho                          Telephone:  (313) 226-9100
AO 91 (Rev. 11/11)   Criminal Complaint        Special Agent:    Austin Dawn        Telephone:  (313) 202-3400

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

United States of America
　　　v.
Briane PICKENS

Case No. 26-30075

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ October 24, 2025 _____ in the county of _____ Wayne _____ in the
_____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of ammunition |

This criminal complaint is based on these facts:

See the attached affdavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Austin Dawn, Special Agent-ATF
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __ February 12, 2026 __

City and state:  Detroit, Michigan

_____
*Judge's signature*

Hon. Anthony P. Patti, United States Magistrate Judge
*Printed name and title*

## <u>AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT</u>

I, Austin Dawn, being first duly sworn, hereby state:

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct investigations and make arrests of offenses enumerated under federal law.

2.      I have been an ATF Special Agent since November 2023. I am currently assigned to the Gun Violence Task Force (GVTF), which was established by the Oakland County Sheriff's Office and the ATF. Additionally, I am a member of the ATF Detroit Field Division, Group II, Crime Gun Enforcement Team. I have had extensive law enforcement training, including the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and ATF Special Agent Basic Training.

3.      During my employment with ATF, I have participated in investigations of criminal violations relating to firearms, machinegun conversion devices, violent crimes, and controlled substances. I have participated in various aspects of criminal investigations, including interviews, physical surveillance, and obtaining and executing search warrants. I am familiar with and have employed various investigative methods, including electronic surveillance, visual surveillance, and search warrants.

1

4.      I make this affidavit from personal knowledge based on my participation in this investigation, including interviews conducted by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.

## PROBABLE CAUSE

5.      ATF is investigating Briane PICKENS for violating 18 U.S.C. § 922(g)(1) – being a felon in possession of ammunition.

6.      According to law enforcement databases, PICKENS has multiple felony convictions, including armed robbery, carjacking, and felony firearms, for which he was sentenced to 81 months to 135 months in prison. Upon his release from Michigan Department of Corrections on July 27, 2021, PICKENS signed form CSJ-290, which informed him that he is prohibited from possessing firearms and ammunition under state and federal law. Probable cause exists that PICKENS knows that he is a convicted felon and is prohibited from possessing firearms and ammunition.

7.      On October 24, 2025, a shooting occurred in a residential area on Hubbell Street, Detroit, Michigan. Two ShotSpotter alerts indicate that seven shots were fired at approximately 10:11 a.m.

8. ATF agents obtained and reviewed surveillance camera footage from nearby businesses around the time of the shooting, including Business 1 and Business 2.

9. The surveillance footage obtained from Business 1 shows:

   a. At approximately 10:07 a.m., a black Dodge Charger arrived and parked at a gas pump. A male, later identified as PICKENS, wearing light jeans, white shoes, and a black jacket, mentioned above, exited the Charger.



   b. At approximately 10:08 a.m., PICKENS entered the store and said, "Ay let me get some gas…just tried to steal my mother fucking car." After the clerk responded, the male said, "man hell yeah, he had his 30 I aint have my shit though". As reaching into his left pocket, he added, "oh wait, look man I'm riding dirty, I'm gonna tear his ass up". He then handed cash to the clerk and states, "give me that on the Charger," as he walked out. While exiting, he told another individual in the store, "yeah no, he walking across the

3

street with his dog wanna slow down, you see I'm going places…
then he tell me slow down," referring to the individual down the
street.



  c. At approximately 10:10 a.m., after PICKENS finished pumping
gas, the Charger left Business 1 and pulled into Business 2's
parking lot.

10. The surveillance footage obtained from Business 2, whose timestamps
were verified to be approximately 12 minutes and 23 seconds behind the actual time,
shows:

  a. At approximately 10:10 a.m., the black Dodge Charger arrived at
Business 2's parking lot from Business 1. PICKENS, wearing light
jeans, white shoes, and a black jacket, exited from the driver seat
and drew a pistol from his left coat pocket. He appeared to argue
with a second male.



b.   At approximately 10:11 a.m., PICKENS pointed what appeared to
be the pistol, previously pulled from his pocket, towards the alley
behind the Business 2. He then appeared to fire several shots in
that direction before reentering the Charger and departed the scene.



11.   I spoke with the DPD officer who recovered shell casings from the
October 24, 2025 shooting scene. The officer advised that he returned to the scene
approximately one hour later to search for shell casings and recovered four shell
casings from the street/empty lot where the second male was observed.

5

Additionally, the officer advised he recovered one shell casing from the parking lot in the same area where PICKENS was observed with a black Dodge Charger.

12.     I reviewed Green Light footage overlooking Business 2's parking lot which also shows the officer's recovery of the casing from that location.

13.     Both Green Light and ShotSpotter reflect that no other firearm discharges occurred in that area between the time PICKENS was present and the time the casing was collected. No additional shootings were reported to law enforcement during that period. Based on PICKENS's presence at the location, the recorded firearm discharge, the absence of any other firearm activity, and the recovery of the shell casing from that area, there is reason to believe that PICKENS possessed the ammunition recovered from Business 2's parking lot.

14.     The recovered shell casings were collected and secured together in a single evidence bag. Officers have not identified which specific casing was recovered from the parking lot versus the empty lot/street location. However, NIBIN preliminary examination determined that two firearms were used in the discharge of the submitted casings. Additionally, an ATF Interstate Nexus Expert, after reviewing images of the headstamps from all of the casings recovered at the October 24, 2025 shooting scene, advised that the casings were manufactured outside the State of Michigan and qualify as "ammunition" under 18 U.S.C. § 921(a)(17). Accordingly, regardless of which specific casing was discharged by

6

PICKENS in Business 2's parking lot, the ammunition believed to have been possessed and discharged by PICKENS necessarily traveled in and affected interstate commerce prior to its recovery.

## CONCLUSION

15.    Probable cause exists that on October 24, 2025, in the Eastern District of Michigan, PICKENS, as a convicted felon knowing his felony convictions, possessed ammunition that had travelled in and affected interstate commerce, in violation of 18 U.S.C. § 922(g)(1).

Respectfully submitted,

Austin Dawn
Special Agent, ATF

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Hon. Anthony P. Patti
United States Magistrate Judge

Dated:   February 12, 2026